IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

DEBORAH BOWERS DRUMMOND,

    Plaintiff,

vs.

AEN WIRELESS 7, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, DEBORAH BOWERS DRUMMOND, sues Defendant AEN WIRELESS 7, INC., a Florida Profit Corporation, and shows:

### Introduction

1.    Plaintiff brings this action against Defendant for unpaid overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA").  Additionally, Plaintiff is suing Defendant for filing fraudulent tax returns with the intent to avoid paying Federal payroll taxes and state unemployment taxes in violation of 26 U.S.C. § 7434.

### Jurisdiction and Venue

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and 26 U.S.C. § 7434. This Court has jurisdiction over the claims herein pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this Court because the Defendant's principal place of business is within the Southern District of Florida and the events that comprise the litigation occurred within the Southern District of Florida.

## Parties

4. Plaintiff, DEBORAH BOWERS DRUMMOND ("Plaintiff" or "BOWERS"), is an individual that, at all times material, was employed with AEN WIRELESS 7, INC. as a non-exempt manager for a cellular telephone service store and was engaged in commerce as defined by the FLSA while employed by Defendant.

5. Defendant, AEN WIRELESS 7, INC. ("Defendant" or "AEN") is a Florida Profit Corporation, is a Boost Mobile cellular telephone service store, is located and doing business in Highlands County, Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 207 and 215.

6. At all times material hereto, AEN was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

7. Plaintiff worked for Defendant as a non-exempt manager of Defendant's store. Therefore, this Court has jurisdiction over this case.

## General Allegations

8. Defendant hired Plaintiff in 2014, where she worked up until April 3, 2020, as a non-exempt store manager.

9. Defendant paid Plaintiff on a set weekly basis.

10. If Plaintiff missed any work in a given week, her pay would be docked for the time missed.

11. Plaintiff supervised only one other employee.

12. Plaintiff did not have the authority to set rates of pay.

13. Plaintiff did not implement company policies or procedures.

14. Plaintiff did not need advanced education or training to perform her job functions.

15. Plaintiff did not exercise independent judgment.

16. Plaintiff regularly worked in excess of forty (40) hours per week; to wit, Plaintiff worked approximately 10 hours per day, five and six days per week. Defendant set Plaintiff's schedule and was fully aware of the number of hours that she was working each week.

17. However, Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) hours per week.

18. At all times material hereto, Plaintiff performed the essential functions of her job in a professional and competent manner.

19. While employed by Defendant, Plaintiff was a non-exempt employee as that term is defined by the FLSA.

20. Despite Plaintiff's non-exempt status, and despite the fact that Plaintiff worked overtime, Plaintiff was not paid overtime compensation.

21. Defendant did not keep accurate time records of the hours that Plaintiff worked.

22. Defendant did not deduct payroll taxes from the entirety of Plaintiff's paycheck in violation of federal tax laws.

23. Plaintiff has retained the law firm of Robert S. Norell, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## Count I – Violations of the Overtime Provisions of the FLSA

24. Plaintiff, DEBORAH BOWERS DRUMMOND, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 23 above.

25. Defendant repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours.

26. As a direct and proximate result of Defendant's acts, Plaintiff suffered damages.

27. The failure to pay overtime compensation to BOWERS is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

28. BOWERS is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, DEBORAH BOWERS DRUMMOND, prays that this court will grant judgment against Defendant:

   a. awarding BOWERS payment of overtime compensation found by the court to be due to her under the Act;

   b. awarding BOWERS an additional equal amount as liquidated damages;

   c. awarding BOWERS her costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

**Count II – Violation of 26 U.S.C. § 7434**

29. Plaintiff, DEBORAH BOWERS DRUMMOND, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 23 above.

30. AEN violated 26 U.S.C. § 7434 by willfully causing fraudulent information returns to be prepared for the IRS.

31. AEN purposely provided incorrect payroll information to the IRS so that it would pay less employment taxes, thereby causing a fraudulent W-2 to be issued to Plaintiff.

32. Plaintiff is entitled to damages resulting in harm to her for Defendant's violation of this statute.

33. As a direct and proximate result of Defendant's acts, Plaintiff suffered and continues to suffer damages.

34. Pursuant to 26 U.S.C. Sec. 7434(d), a copy of this Complaint will be served on the Internal Revenue Service, 7850 S.W. 6th Court., Plantation, FL 33324.

WHEREFORE, Plaintiff demands judgment against AEN for the following:

a. Declaratory judgment under Fed. R. Civ. Pro. 57;

b. Injunctive relief;

c. Actual damages or a minimum $5,000 penalty (whichever is greater) pursuant to 26 U.S.C. Sec. 7434(b);

d. Pre- and Post-Judgment Interest;

e. Attorney's fees and costs;

f. Such other relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

Dated: July 2, 2020
Plantation, Florida

                        Respectfully submitted,

                        s/*Robert S. Norell*
                        Robert S. Norell, Esq. (Fla. Bar No. 996777)
                        E-Mail: Rob@floridawagelaw.com
                        James A. Peterson, Esq. (Fla. Bar No. 645621)
                        E-Mail: James@floridawagelaw.com
                        ROBERT S. NORELL, P.A.
                        300 N.W. 70th Avenue
                        Suite 305
                        Plantation, Florida 33317
                        Telephone: (954) 617-6017
                        Facsimile: (954) 617-6018
                        *Counsel for DEBORAH BOWERS DRUMMOND*